IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUKHBIR KANDAL,

Petitioner,

vs.

WARDEN/FACILITY ADMINISTRATOR, LINCOLN COUNTY JAIL, TODD W. BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;

Respondents.

**8:26CV625**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Sukhbir Kandal's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court denies the petition.

## I. BACKGROUND

Petitioner is a native and citizen of India. Filing No. 6 at 3. He entered the United States without inspection on August 10, 2023. Filing No. 6 at 3. On August 13, 2023, Border Patrol arrested Petitioner, served him with a notice to appear, and released him on his own recognizance. Filing No. 6 at 3. The ROR order provided that Petitioner "'must not violate any local, State, or Federal laws or ordinances." Filing No. 6-3 at 1

On September 20, 2026, ICE encountered Petitioner as having been arrested by the Kimball County, Nebraska, Sheriff's office for willful reckless driving, failure to stay in lane, failure to use turn signal, texting while driving, and possessing multiple licenses. Filing No. 6 at 3. Petitioner was released to ICE custody on September 23, 2026. Filing

No. 6 at 3. Respondents revoked Petitioner's order of release on recognizance on October 19, 2026, due to his failure to comply with the conditions of release. Filing No. 6-3 at 1.

Petitioner filed the present petition for writ of habeas corpus, arguing his detention is unlawful. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents' preferred argument is that that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts

across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance, the government necessarily invoked 8 U.S.C. § 1226. Accordingly, the Court must assess whether his detention is lawful under that statute.

Section 1226(a) states that when an alien is arrested on a warrant, the Attorney General may continue to detain the alien or may release him or her on conditional parole or a bond of at least $1,500. 8 U.S.C. § 1226(a). Subsection (b), in turn, provides, "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Respondents have chosen to exercise their authority under § 1226(b) to revoke Petitioner's release. *See* Filing No. 6-3 at 1. Accordingly, Petitioner is properly detained under Respondents' statutory authority at this time.

However, the Court emphasizes its above holding that Petitioner's detention must be evaluated under § 1226, not § 1225(b)(2)(a). Accordingly, should he so apply in the immigration court, Petitioner is entitled to a bond re-determination by an immigration judge. *See* 8 C.F.R. § 1236.1(d). Should the immigration court refuse to conduct a bond hearing because it treats Petitioner as an arriving alien seeking admission under § 1225(b)(2)(a), that could be a separate basis for seeking a writ of habeas corpus.

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. Filing No. 8 is terminated as it is a brief not a motion.
3. The Court will enter a separate judgment.

Dated this 6th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge